Saul S. Streit, J.
Defendant moves for dismissal of the second amended complaint for insufficiency. Deceased was a patient at the defendant hospital. The sole substantive allegation is: ‘‘ FOURTH: That on or about the 25th day of December, 1956, as a result of the carelessness, recklessness and negligence on the part of the defendant, its agents, servants and/or employees, in that they failed to properly and adequately supervise the person of the deceased; in that they failed to provide him with adequate restraints, having had sufficient notice and knowledge' and information that such restraints were necessary and proper; in that they failed to provide proper barricades or barriers, or to properly secure the window in the room where the deceased was confined, so that the deceased was caused to fall out of the window of his room to the ground below and sustain the injuries which caused his death.”
*197 Assuming a breach of duty with respect to bed and bedside requirements, there is no explanation of, or connection with, a fall from a window. Nor is there sufficient information to connect a failure to supervise the person with the duty to do so, the measure or necessity therefor, or with the fall from a window. There is also failure to support an alleged duty to secure the window and its breach or to connect such failure to secure the window with a fall therefrom. If an inference of suicide is to be drawn from the pleading, it is the fault of the pleader. If in fact the inference is invited, ultimate facts must be set forth which will support a duty to guard against suicide and the breach of such duty.
The motion is granted, with final opportunity to the plaintiff to serve an amended complaint within 20 days from service of a copy of this order with notice of entry.